UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TINA M. MELLOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 3:11-CV-92-TLS |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Plaintiff, Tina M. Mellott, seeks judicial review of the Social Security Administration's (the Agency's) final decision denying her September 1, 2006, application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(d), alleging a disability onset date of May 23, 2005. After a hearing, an administrative law judge (ALJ) found that the Plaintiff was not disabled at any time from her alleged onset date through the date of the ALJ's decision. On January 6, 2011, the Appeals Council denied the Plaintiff's request for review of this decision, thereby rendering it the Agency's final decision for purposes of judicial review. 20 C.F.R. § 404.981. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g). On January 10, 2012, Magistrate Judge Nuechterlein filed a Report and Recommendation [ECF No. 24] recommending that the case be remanded for further proceedings because the ALJ failed to properly consider the May 2007 opinion of Dr. Jean Perrin. The Magistrate Judge had jurisdiction pursuant to this Court's order of referral for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) [ECF No. 4].[1] On January 19, the

---

[1] The Report and Recommendation filed by Magistrate Judge Christopher A. Nuechterlein indicates that a ruling is being entered "based on the consent of the parties and 28 U.S.C. § 636(c)." (Report & Recommendation 1, ECF No. 24.) The Court assumes that the Magistrate Judge's reference to

Defendant filed his Objection to the Magistrate Judge's Report and Recommendation [ECF No. 25], and this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## ISSUE FOR REVIEW

The parties' dispute centers around the opinion of Dr. Perrin, a state agency examining physician. After examining the Plaintiff on May 22, 2007, Dr. Perrin's assessment was that, "In regard to the workplace, claimant does not appear to be a suitable workplace candidate at this time." (R. at 636.)

A.    **Arguments Presented for Judicial Review**

In her opening brief, the Plaintiff argued that the Court should remand the Agency's final decision because the ALJ erred as a matter of law when he failed to address the opinion of Dr. Perrin as required by 20 C.F.R. § 404.1527(d). In response, the Defendant submitted that, although the ALJ did not discuss the specific finding regarding the Plaintiff's suitability for work, he considered the most significant diagnostic findings from Dr. Perrin's May 2007 exam and found them to be inconsistent with the record medical evidence from two of the Plaintiff's treating physicians. The Defendant argued that the ALJ noted that Dr. Perrin observed that the

---

consent was an oversight and that the correct and intended statutory reference is § 636(b).

Plaintiff had an intention tremor, a positive finger to nose maneuver in which she missed her nose with both hands, and "completely off" rapid alternating movements. (R. at 635.) But the ALJ noted that Dr. David Mattson, the Plaintiff's treating neurologist, reported negative finger-to-nose testing in December 2006 and Dr. Mary Jacobs, the Plaintiff's primary care physician, reported only a mild tremor at an exam in May 2007, the same month that Dr. Perrin examined the Plaintiff. (R. at 18–19, 704, 707.) The ALJ went on to note that Dr. Mattson reported that the Plaintiff had negative finger-to-nose testing at subsequent appointments in February 2008, May 2008, May 2009, and November 2009. (R. at 18–19, 899–913.) The Defendant argued that it is reasonable to infer that the ALJ considered Dr. Perrin's opinion, but chose not to give it significant weight because the most significant findings from her exam were inconsistent with the reports of two of the Plaintiff's treating physicians. The Defendant submitted that even if the ALJ did not consider Dr. Perrin's opinion, his error was harmless.

The Plaintiff responded that the Defendant's argument about what could be inferred from the ALJ's findings was unpersuasive because 20 C.F.R. § 404.1527(d) requires the ALJ to "evaluate every medical opinion" and Dr. Perrin's ultimate opinion—"In regard to the workplace, claimant does not appear to be a suitable workplace candidate at this time"—was never mentioned in the ALJ's decision. With regard to harmless error, the Plaintiff argued that this case does not meet the standard set forth in *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010), which holds that "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." The Plaintiff argued that Dr. Perrin was not the only doctor to state that the Plaintiff had work

preclusive limitations, noting that her treating cardiologist opined she could not sustain even sedentary work. (R. at 819–21.)

**B.     The Report and Recommendation and Objections**

The Magistrate Judge recommends that the case be remanded for further proceedings because the ALJ failed to state why he did not consider Dr. Perrin's May 2007 opinion that the Plaintiff was not suitable for work, and did not discuss the treatment relationship, the physician's explanation, or the physician's specialization. The Magistrate Judge noted that the ALJ discussed how the results of the coordination test Dr. Perrin gave the Plaintiff differed from one given by a different physician the previous year, but that "[g]iven the magnitude of the state physician's opinion, that [the Plaintiff] 'does not appear to be a suitable workplace candidate at this time,' the ALJ needed to at least minimally articulate his reasons for not considering it." (Report & Recommendation 10, ECF No. 24.)

In his Objection to the Magistrate Judge's Report and Recommendation, the Defendant argues that the Magistrate Judge did not discuss the Defendant's harmless error argument. Additionally, the Defendant argues that the ALJ complied with 20 C.F.R § 404.1527 when he considered the most important findings from Dr. Perrin's examination, and concluded that they were inconsistent with other medical evidence in the record.

**ANALYSIS**

An ALJ is tasked with evaluating opinion evidence when making a determination of disability. Federal regulations, 20 C.F.R §§ 404.1527 and 416.927, set forth detailed rules for

evaluating medical opinions about an individual's impairments offered by medical sources, including the medical opinions of state agency medical consultants. The regulations provide that, "[i]n deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. §§ 404.1527(b), 416.927(b). When presented with the opinion of a state agency physician, the ALJ must explain the weight given to the opinion in the same way the ALJ must do for other sources. 20 C.F.R. §§ 404.1527(f) and 416.927(f); SSR 96-6p[2] (stating that ALJs "may not ignore" opinions of state agency consultants and "must explain the weight given to the opinions in their decisions"). In addition, the Agency's own rules mandate that "opinions from any medical source on issues reserved to the Commissioner must never be ignored." SSR 96-5p (stating that "adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner" such as those that a claimant is "disabled" or "unable to work"); 20 C.F.R. § 404.1527(e) (providing that matters reserved for the Commissioner are not entitled to "any special significance," although they must always be considered).

Although the ALJ was not required to follow Dr. Perrin's opinion, there is no indication in the record that he was aware of Dr. Perrin's assessment regarding the Plaintiff's suitability as a workplace candidate. The only portion of Dr. Perrin's examination that the ALJ specifically mentioned was the result of the finger-to-nose testing, the display of an intention tremor, and

---

[2] Social Security Rulings (SSRs) "are interpretive rules intended to offer guidance to agency adjudicators." *Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999) (citing *Lauer v. Bowen*, 818 F.2d 636, 639–40 (7th Cir. 1987)). According to 20 C.F.R. § 402.35(b)(1), the Social Security Administration has made SSRs, including those that are "statements of policy and interpretations" that the Agency has adopted, "binding on all components of the Social Security Administration."

completely off rapid alternating movements. He did not explain the weight he gave to Dr. Perrin's ultimate opinion, thus violating 20 C.F.R. §§ 404.1527(f) and 416.927(f), and S.S.R. 96-6p. *See McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011) (finding an ALJ's failure to consider the opinion of a state agency physician error). The Magistrate Judge correctly concluded in his Report that the ALJ erred when he failed to include any discussion of Dr. Perrin's opinion, even if the opinion carried no special significance. The Court will adopt this finding from the Report and Recommendation.

It would be an improper application of the harmless error doctrine for the Court to infer, as the Defendant argues, that the ALJ considered Dr. Perrin's opinion but chose not to give it significant weight. The Defendant argues that this can be inferred from the ALJ's discussion of the most significant findings from Dr. Perrin's exam as inconsistent with the reports of two of the Plaintiff's treating physicians. The Seventh Circuit has warned that the harmless error standard is not "an exercise in rationalizing the ALJ's decision and substituting our own hypothetical explanations for the ALJ's inadequate articulation." *McKinzey*, 641 F.3d at 892 (noting that the question for resolution under harmless error is prospective, not retrospective); *see also Spiva*, 628 F.3d at 353 (criticizing the government's over-reliance on the doctrine of harmless error in the social security context). The Magistrate Judge's Report and Recommendation correctly declines to engage in such inferences and retrospective rationalization. However, neither does the Report and Recommendation fully consider whether remanding the case "would be a waste of time and resources for both the Commissioner and the claimant." *McKinzey*, 641 F.3d at 892. To avoid such waste, a court "will not remand a case to the ALJ for further specification where [the court is] convinced that the ALJ will reach the same

result." *Id.* (citing *Spiva*, 628 F.3d at 353). With this standard in mind, the Court now considers whether it can say "with great confidence what the ALJ would do on remand." *McKinzey*, 641 F.3d at 892.

A review of the administrative record convinces the Court that no reasonable ALJ would reach a contrary decision on remand regarding the weight to give Dr. Perrin's opinion or the conclusion that the Plaintiff has the Residual Functional Capacity (RFC) to perform sedentary work, but no more than occasional climbing, crouching, crawling, kneeling, or stooping. Although Dr. Perrin's opinion is entitled to consideration, application of the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d) lead the Court to confidently conclude that, on remand, the ALJ would afford very little weight to Dr. Perrin's opinion.

Dr. Perrin's opinion that the Plaintiff "does not appear to be a suitable workplace candidate at this time" is not entitled to any special significance. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); SSR 96-5p. The ultimate determination as to a claimant's disability is reserved to the Commissioner and a physician's statement that a claimant is disabled or unable to work is not conclusive. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); 20 C.F.R. §§ 404.1527(e), 416.927(e) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Dr. Perrin did not provide an RFC opinion and did not opine as to any disabling limitations. Dr. Perrin stated only that the Plaintiff did not "appear" to be a suitable candidate for work "at the time of her exam with him."

Where an opinion by a medical source is not entitled to controlling weight, the following factors are to be considered: the examining relationship, the treatment relationship (its length, frequency of examination, and its nature and extent), supportability by clinical and laboratory

signs, consistency, specialization and other miscellaneous factors. 20 C.F.R. § 404.1527(d)(1-6). It is unclear what findings from Dr. Perrin's Internal Medicine Examination would support a finding that the Plaintiff did not have the RFC to perform sedentary work. The examination was unremarkable with the exception of the intention tremor, a positive finger to nose maneuver, and off rapid alternating movements, which were all noted in the neurological portion of the examination. Dr. Perrin's impressions from the complete examination were that the Plaintiff had neurologic problems, a history of coronary artery spasm, was easily fatigued, and had concentration problems. Dr. Perrin did not specifically define the neurological problems or link them to specific job functions or physical restrictions. Dr. Perrin's opinion about the workplace did not differentiate among the types of jobs included in the "workplace" or even indicate the reasons that Dr. Perrin concluded the Plaintiff was not a suitable workplace candidate, neurological or otherwise.

  The ALJ fully considered the impact of the Plaintiff's neurological problems on the Plaintiff's RFC. In doing so, he relied on the opinions of physicians specializing in rheumatology and neurology as the fields of medicine that diagnose and treat the Plaintiff's suggested and potential impairments, including reflex sympathetic dystrophy (RSD), fibromyalgia, autonomic dysfunction, and peripheral neuropathy. These included opinions and findings from Dr. David Mattson, a neurologist who had treated the Plaintiff, Dr. B.A. Lockowitz, a rheumatologist who examined the Plaintiff, and Drs. Lester Mertz and Mary Jacobs, also rheumatologists who examined and treated the Plaintiff. The ALJ determined that the findings of these specialists were entitled to great weight with respect to whether the Plaintiff was disabled due to RSD, fibromyalgia, autonomic dysfunction, and peripheral neuropathy. If the matter were remanded,

there is no reason to believe that Dr. Perrin's assessment, which was inconsistent with examination findings by these specialists, would be granted any significant weight.

The Plaintiff argues that the Court cannot say with confidence that the ALJ would reinstate its decision on remand because Dr. Michael Mirro, the Plaintiff's treating cardiologist, opined that the Plaintiff could not sustain even sedentary work. The ALJ, however, considered Dr. Mirro's opinions. The ALJ adequately explained that he gave Dr. Mirro's opinions some weight with respect to the Plaintiff's cardiac status because he is a cardiologist. With regard to Dr. Mirro's opinion that the Plaintiff is totally disabled, the ALJ limited the weight given to this opinion as inconsistent with Dr. Mirro's own detailed assessment of the Plaintiff's RFC and with his treatment records. The ALJ gave great weight, instead, to his assessment of functional class II angina which is consistent with capacity for sedentary work activities. The ALJ noted that this RFC was consistent with the opinions of two other physicians, a specialist in physical medicine and rehabilitation and a cardiologist, both of whom reviewed the Plaintiff's medical records and opined that she could return to her past work. The ALJ found that no other physical limitations were supported by the objective findings upon diagnostic testing, and that the record lacked significant and persistent abnormalities upon physical examination, including from the results of Dr. Perrin's examination.

For all the above reasons, the Court finds the ALJ's oversight harmless because although he failed to articulate his reasons for rejecting Dr. Perrin's assessment, "the proper place of that opinion in the context of the other evidence is clear." *McKinzey*, 641 F.3d at 892. The addition of Dr. Perrin's findings to the discussion of neurological problems would not change the Plaintiff's RFC.

## CONCLUSION

For the reasons stated above, the Court ADOPTS IN PART the Report and Recommendation [ECF No. 24] to the extent it finds that the ALJ erred in failing to address Dr. Perrin's opinion, and MODIFIES IN PART the Report and Recommendation [ECF No. 24] with respect to remand. The Court finds that the error was harmless and does not require remand. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on February 28, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION